IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES ALLEN WALLETTE,<br><br>Defendant. | CR 20–12–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Charles Allen Wallette's Unopposed Motion to Continue Trial and Pretrial Deadlines. (Doc. 94.) Mr. Wallette's counsel, Marvin S. McCann, moves this Court for a 90-day continuance under 18 U.S.C. § 3161. (Doc. 94.) The United States does not object. (*Id.* at 2.) For the reasons stated herein, the Court will deny the motion and instead provide certain alternative relief outlined below.

**BACKGROUND**

This case suffers from a tortured procedural history. On January 13, 2020, Mr. Wallette and his co-defendant, Josie Sanchez Miller, were charged by criminal complaint with one count each of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) An initial appearance was held that same day and, following a detention hearing held on

1

January 17, 2020, Mr. Wallette was released subject to certain conditions. (Docs. 3; 15.) Mr. Wallette was also appointed CJA counsel. (Docs. 8–9.)

On February 5, 2020, the United States filed an indictment charging Mr. Wallette with: (1) one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (3) two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (*See generally* Doc. 21.) Ms. Miller was also charged with several offenses. (*Id.*) A month later, Mr. Wallette was arraigned and again released subject to the previously imposed conditions. (Doc. 29.)

Critically, on March 12, 2020, a warrant for Mr. Wallette's arrest was issued on the basis that he violated the conditions of his pre-trial release. (Docs. 36–37.) Specifically, it appears Mr. Wallette failed to appear for a random urine test as ordered by his Pretrial Services Officer. (Doc. 34-2 at 3.) The record reveals this warrant remains outstanding and Mr. Wallette's whereabouts are currently unknown. Since the issuance of this warrant, a cascade of procedural events has occurred. Specifically, Mr. Wallette has undergone three changes of counsel, this Court has granted five continuances, and his co-defendant, Ms. Miller, has pled guilty to certain charges and awaits sentencing. (Docs. 39, 42–43, 47, 53, 58, 62, 66, 71, 89, 92.)

## ANALYSIS

As noted above, counsel for Mr. Wallette, Mr. McCann, has moved for a continuance. (Doc. 94.) This is the sixth continuance sought in this matter. Mr. McCann represents that he "has not been provided with any contact information for Mr. Wallette," needs additional time to prepare for trial, review and evaluate discovery, contemplate pre-trial motions, negotiate with the United States, and otherwise prepare this case for trial. (Doc. 95 at 4.) The crux of Mr. McCann's argument is that a failure to continue the current February 16, 2021 trial setting will deprive him of reasonable time to effectively prepare and occasion a miscarriage of justice. (*Id.*) Accordingly, Mr. McCann urges this Court to exercise its power under 18 U.S.C. § 3161(h)(7)(A), (B)(i), (iv) and "continue the trial and all associated deadlines for 90 days."[1] The Court declines, instead opting for a more permanent solution that obviates the need for additional continuances.

Any period of delay "resulting from the absence or unavailability of the defendant" must be excluded from any calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(3). A defendant is "considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution, or his whereabouts cannot be determined by due diligence." *Id.* As noted above, Mr. Wallette is currently a fugitive from justice, with an outstanding warrant for

---

[1] Notably, Mr. McCann filed a nearly identical motion in November 2020. (Docs. 90–91.)

3

his arrest based on violations of the conditions of his pretrial release. (Docs. 36–37.)

The Court has no trouble concluding that Mr. Wallette is absent and unavailable within the meaning of 18 U.S.C. 3161(h)(3). Given the United States' inability to return the outstanding arrest warrant, the Court can safely conclude he is actively attempting to avoid apprehension. There is no evidence the United States' is using less diligence than is due to locate Mr. Wallette. Additionally, having participated in various pretrial proceedings, such as his arraignment, it is clear Mr. Wallette is aware of the charges against him and is presumably "actively avoiding prosecution." *United States v. Carrillo*, 2020 WL 2556940, *2 (E.D. Cal. 2020). In short, the Court concludes that Mr. Wallette has been absent and unavailable within the meaning of 18 U.S.C. § 3161(h)(3) since the arrest warrant was issued on March 12, 2020. All time from this date, until the date Mr. Wallette is arrested, or his absence and unavailability otherwise ceases, is excluded from any Speedy Trial Act calculations, pursuant to 18 U.S.C. § 3161(h)(3).

The Court does take this opportunity to warn the United States, however, that it arguably "has some obligation . . . to find a fugitive defendant and bring him to trial." *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993). Although it need not "make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension," reasonable efforts to return the outstanding warrant must

persist. *Id.* In other words, should the United States begin using less than due diligence to effectuate the arrest of Mr. Wallette, then the Court may find that he is no longer absent and unavailable within the meaning of 18 U.S.C. § 3161(h)(3), and such time is not excludable under the Speedy Trial Act.

To foreclose the necessity of additional continuances by way of Mr. Wallette's absence and unavailability, the Court will vacate, without resetting, the current trial setting and all associated deadlines. Instead, once Mr. Wallette is arrested or his absence and unavailability otherwise ceases, the United States shall move this Court for the resetting of a trial date and associated deadlines.

Accordingly, IT IS ORDERED that the motion (Doc. 94) is DENIED.

IT IS FURTHER ORDERED that Mr. Wallette has been absent and unavailable within the meaning of 18 U.S.C. § 3161(h)(3) since the outstanding arrest warrant was issued on March 12, 2020 and any period of delay resulting from Mr. Wallette's absence and unavailability is excluded from the Speedy Trial Act on a continuing basis, until Mr. Wallette is arrested or his absence and unavailability otherwise ceases. The Court notes that this substantial exclusion of time under the Speedy Trial Act is irrespective of time previously excluded by this Court's prior continuance orders (i.e. it provides an additional basis for excluding time already previously excluded on other grounds). (Docs. 47; 53; 58; 71; 92.)

IT IS FURTHER ORDERED that the trial currently scheduled for February

16, 2021 and all associated deadlines are VACATED, to be reset upon motion of the United States following Mr. Wallette's arrest or other cessation of his absence and unavailability.

DATED this 4th day of February, 2020.

_____
Dana L. Christensen, District Judge
United States District Court